IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EMORY COUNTY (2), UTAH and STATE OF UTAH,<br><br>                    Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | **MEMORANDUM DECISION AND ORDER**<br>- **GRANTING JOINT, STIPULATED MOTION FOR CONSOLIDATED CASE MANAGEMENT ORDER;**<br>- **FOR JOINT CASE MANAGEMENT; and**<br>- **STAYING CASE**<br><br>Case No. 2:12-cv-429-CW<br><br>Judge Clark Waddoups |

       This action is one of 26 similar cases recently filed in the District of Utah by the State of Utah and numerous Utah counties seeking to quiet title to alleged R.S. rights-of-way on federal land across the State (the "recently filed cases"). A list of the recently filed cases is attached as Exhibit 1. These cases include:

    a.  three cases filed in November 2011;

    b.  22 cases filed in May 2012; and

    c.  one case filed in June 2012.

       In addition, four similar cases, which were filed in this District before the 26 recently filed cases, remain in active litigation, either in this District or on appeal before the Tenth Circuit Court of Appeals (the "previously filed cases"). Those four previously filed cases are also listed in Exhibit 1:

    a.  *San Juan County, Utah v. United States*, 2:04-cv-552-BSJ ("San Juan County (1)") (one right-of-way claimed; presently on appeal to the Tenth Circuit);

    b. *Emery County (1), Utah and State of Utah v. United States*, 2:05-cv-540-DB ("Emery County (1)") (seven rights-of-way claimed);

    c. *Kane County (1), Utah v. United States*, 2:08-cv-315-CW ("Kane County (1)") (fifteen rights-of-way claimed); and

    d. *Kane County (2), Utah v. United States*, 2:10-cv-1073-RJS ("Kane County (2)") (64 rights-of-way claimed).

The recently filed cases and the previously filed cases shall be referred to collectively herein as the "R.S. 2477 cases." The case listed in Exhibit 1 as having a consent decree pending (*Juab County (1), Utah and State of Utah v. United States*, 2:05-cv- 00714-TC ) is not included in the "R.S. 2477 cases."

    The State of Utah and the relevant county plaintiffs have completed service on the Office of the United States Attorney in all 26 of the recently filed cases. The majority of these complaints have been amended and, at present, plaintiffs in these 26 actions claim a total of more than 12,000 alleged rights-of-way under R.S. 2477.

    Given the thousands of claims, and numerous complex issues involved in the recently filed cases, the United States, the State of Utah, and all the county plaintiffs in the R.S. 2477 cases except for Kane County, have engaged in discussions and have entered into various stipulations to efficiently manage this voluminous litigation.

    The parties have now reached agreement on a comprehensive case management proposal for the R.S. 2477 cases for approximately the next two years. A stipulated motion for consolidated case management was filed in each these cases. The consent of the parties to the motion is contingent upon the granting by the Court of the stipulated motions for consolidated case management.

It appears the R.S. 2477 cases present many related and sometimes overlapping issues. While each is factually distinct, a review of the cases suggests that numerous procedural and legal issues repeatedly arise in the cases. Common examples include case management issues, consolidation motions, discovery preservation issues, and third-party motions to intervene. The court concludes the parties to the R.S. 2477 cases, as well as interested third-parties, would benefit from a coordinated and consistent approach to resolving similar pretrial issues.

The nature of these R.S. 2477 cases is such that they may place an extraordinary strain on the scarce judicial resources available in the district. The court has an inherent interest in the efficient and orderly presentation of business before it. Particularly where, as here, a series of related cases threatens to consume a disproportionately high percentage of a court's resources, to the detriment of other parties and pending matters, courts are well-advised to invoke their inherent authority to manage their dockets and promote judicial efficiency.

Enabling one district court judge to oversee a number of these cases will permit the court to engage the parties on a more global level, to manage the timing and presentation of cases and issues, to enhance judicial efficiency, and to reduce uncertainty among the litigants and other interested parties.

THEREFORE, having carefully reviewed the Discovery Stipulation and Joint, Stipulated Motion for Consolidated Case Management Order filed in this case (Dkt. No. 18), and in order to facilitate the overall management of these cases pretrial, the court HEREBY ORDERS the following:

1. The court GRANTS the Joint, Stipulated Motion for Consolidated Case Management Order, subject to further review as described below.

2. This case is STAYED until February 28, 2015, except for preservation depositions, motion practice with regard to enforcement of the Joint, Stipulated Motion for Consolidated Case Management Order, motions to intervene by third-parties and motions by intervening parties for discovery or amendment of this order, and/or motions to amend pleadings, as shown on the case list Exhibit 1.

3. It is contemplated that Judge Waddoups may make a specific order for the status and schedule of this case after considering all R.S. 2477 cases subject to his management and such rulings shall supersede and take precedence over this Order.

Signed March 13th, 2013.

BY THE COURT:

_____
Clark Waddoups
United States District Judge